IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JEREMY SANDERS**                                                                                                                         **PLAINTIFF**

v.                             Civil No.: 6:09-cv-6028

**JAMES LANGLEY** *et al.*                                                                           **DEFENDANT**

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate at the Clark County Detention Center, in Arkadelphia, Arkansas, at the time of filing, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." ECF No. 2. Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP"). ECF No. 1. Plaintiff was granted *in forma pauperis* status. ECF No. 8.

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A.

**I.   BACKGROUND**

The following facts were presented to the Court in Plaintiff's Complaint. ECF No. 2. Under the section entitled Statement of Claim, *id.* at ¶ VII, Plaintiff alleges he was booked into the Clark County jail with personal property consisting of five keys and a cell phone in his possession. *Id.* Plaintiff alleges that on January 18, 2009, the night shift jailer named James Langley signed out Plaintiff's personal property to an unknown person. *Id.* Plaintiff further alleges he was not notified of his personal property being signed out. *Id.*

-1-

Plaintiff states he inherited all of his parents' jewelry and private personal items at the time of their deaths, and these items were handed down "through generations." ECF No. 2, ¶ VII. Plaintiff states he no longer has this property, which included unspecified jewelry and two cars, due to the Defendants signing out his property without permission. *Id.* Plaintiff states these items contained much sentimental value and seeks monetary relief. *Id.*

## II.   APPLICABLE LAW

Because Plaintiff is a prisoner who is seeking redress from a governmental agent, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Although federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); *see also, Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County,* 954 F. Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

### III.   DISCUSSION

The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state an actionable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1). In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The United States Supreme Court has held that neither the negligent nor intentional, random, or unauthorized deprivations of property under color of state law are actionable where a plaintiff has an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy). Arkansas law recognizes a cause of action for conversion when property is wrongfully taken from its owner. *Elliot v. Hurst*, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Thus, Plaintiff has an adequate state law remedy by way of a conversion cause of action.

Accordingly, the loss of Plaintiff's property simply does not rise to a claim of constitutional dimension.

IV.   **CONCLUSION**

Accordingly, I recommend that Plaintiff's Complaint, ECF No. 2, be **DISMISSED** as it fails to state a claim under Section 1983. I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

Having filed this action, Plaintiff remains liable for the filing fee. *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (holding even if the petition is dismissed, the full filing fee is still assessed because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal.).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 7th day of September 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE